IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William T. Coleman, # 287408, | ) | C/A No.: 0:12-1915-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Winthrop Police Department; | ) | |
| Sgt. Dewayne Bunch; and Unknown | ) | |
| Winthrop Police Department | ) | |
| Defendants, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The *pro se* plaintiff in this matter, William T. Coleman, has filed an action under 42 U.S.C. § 1983 contending that the defendants violated his constitutional rights. The plaintiff filed this action in *forma pauperis* under 28 U.S.C. § 1915. He is currently housed at the South Carolina Department of Corrections.

The Magistrate Judge[1] assigned to this action has prepared a thorough Report and Recommendation suggesting that the complaint should be dismissed without prejudice and without issuance and service of process. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

The plaintiff was advised of his right to file objections to the Report and Recommendation and he filed timely objections thereto. The court has conducted the required *de novo* review of the plaintiff's objections and finds them to be without merit. The objections did not address the contents of the Magistrate Judge's Report. Thus, in the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In her Report and Recommendation, the Magistrate Judge suggests that this court should dismiss the action without prejudice and without service of process pursuant to the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) because a right of action has not accrued. In *Heck*, the Supreme Court held that before a state inmate may recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See*, 512 U.S. 477 (1994).

Until the plaintiff's conviction is set aside, any civil rights action based on the conviction, sentence, direct appeal, and related matters will be barred because of the holding in *Heck v. Humphrey*.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

July 29, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3